Case 2:23-cv-00307   Document 26   Filed on 12/27/23 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
December 27, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FREDERICK DEWAYNE MALONE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00307 |
| | § | |
| SUPERVISOR OF GRIEVANCE, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

For the reasons discussed below, the undersigned recommends that the district court DENY Plaintiff Frederick Dewayne Malone's motion to alter or amend the district court's judgment in this case (Doc. No. 22).

Plaintiff, proceeding *pro se*, sued multiple employees of the Texas Department of Criminal Justice under 42 U.S.C. § 1983, generally alleging that they wrongly confiscated religious books from him, denied his mail, prevented him from making a telephone call, and confined him in a cage. *See* Doc. No. 1, p. 6, Doc. No. 1-1, pp. 1-8. Plaintiff sought to proceed *in forma pauperis*, and also filed a motion for summary judgment (Doc. No. 10), but the district court found that Plaintiff was ineligible to proceed without prepayment of the filing fee because Plaintiff had already accumulated three "strikes" before filing this lawsuit and because Plaintiff had failed to demonstrate that he was under imminent danger of serious physical injury. *See* Doc. No. 12, pp. 2, 3-4; 28 U.S.C. § 1915(g). Because Plaintiff had not paid the filing fee, the district court dismissed Plaintiff's lawsuit without prejudice on December 6, 2023. (Doc. Nos. 12, 13.)

Plaintiff has now filed a notice of appeal of the district court's dismissal, *see* Doc. No. 19, but also moved the district court on December 21, 2023 to alter or amend its judgment pursuant to Federal Rule of Civil Procedure 59(e).  (Doc. No. 22.)  Also on December 21, Plaintiff filed a memorandum of law that the undersigned construes as being intended to accompany his Rule 59(e) motion.  (Doc. No. 21.)  The Rule 59(e) motion has been referred to the undersigned for review and action pursuant to 28 U.S.C. § 636.

Because Plaintiff's motion was filed within 28 days after entry of judgment, his motion is properly considered under Rule 59(e) of the Federal Rules of Civil Procedure.[1]  A Rule 59(e) motion calls into question the correctness of a judgment and serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.  *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).  Such a motion therefore must clearly establish either a manifest error of law or fact, or must present newly discovered evidence; a Rule 59(e) motion cannot be used to raise arguments that could and should have been made before the judgment issued.  *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

Section 1915(g) of Title 28, United States Code, provides that a plaintiff may not proceed *in forma pauperis* in any civil action or appeal if he or she has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger or serious physical injury."  The district court's dismissal of Plaintiff's case was based on Plaintiff's

---

[1] Although Plaintiff has filed a notice of appeal of the district court's decision, it is appropriate for the district court to first resolve Plaintiff's Rule 59(e) motion before that appeal proceeds.  *See Lawson v. Stephens*, 900 F.3d 715, 718-19 (5th Cir. 2018).

accumulation of three so-called "strikes" prior to filing this lawsuit.  *See* Doc. No. 12, p. 2.  The district court also found that Plaintiff had not demonstrated that he was under imminent danger of serious physical injury.  *See id.* at 3-4.

Here, Plaintiff does not allege that § 1915(g) somehow does not apply to him.  Nor does he allege that he has not actually accumulated at least three "strikes" as contemplated by § 1915(g).  And Plaintiff does not allege that he was under imminent danger of serious physical injury when he filed this lawsuit: at closest, he mouths the conclusory claim, without elaboration, that the district court "erred by allowing Plaintiff['s] life to be in danger being harassed by the staffs by denying me my personal mail since Oct. 23 of 2023…." (Doc. No. 21, p. 1.)  The district court already found that Plaintiff had failed to demonstrate that he was under imminent danger of serious physical injury, *see* Doc. No. 12, pp. 3-4, and Plaintiff's filing offers no new evidence to call that finding into any question.  Rather, Plaintiff's contention in this motion is that the district court simply "overlooked" Plaintiff's asserted grounds for his lawsuit – that Plaintiff's due process and religious freedom rights were allegedly violated.  (Doc. No. 21, pp. 1-3.)

Plaintiff offers no law or new evidence that would call into question any aspect of the district court's judgment, and he fails to clearly establish a manifest error of law or fact in the district court's decision.  Plaintiff's Rule 59(e) motion should therefore be denied.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on December 27, 2023.

MITCHEL NEUROCK
United States Magistrate Judge