Case 2:23-cv-00307   Document 34   Filed on 02/01/24 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
February 01, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FREDERICK DEWAYNE MALONE, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00307 |
| | § | |
| SUPERVISOR OF GRIEVANCE, *et al.* | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

For the reasons discussed below, the undersigned recommends that Plaintiff's application to proceed *in forma pauperis* on appeal (Doc. No. 30) be DENIED. The district court should determine that Plaintiff's appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B).

### A. Background and proceedings.

Plaintiff is a prisoner in the Texas Department of Criminal Justice – Correctional Institutions Division and is housed at the McConnell Unit in Beeville, Texas. Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 17, 2023 against multiple employees of the Texas Department of Criminal Justice. (Doc. No. 1.) He generally alleged that the employees wrongly confiscated religious books from him, denied his mail, prevented him from making a telephone call, and confined him in a cage. *See* Doc. No. 1, p. 6; Doc. No. 1-1, pp. 1-8. Plaintiff sought to proceed *in forma pauperis* in his § 1983 action (Doc. Nos. 4, 9), and filed a motion for appointment of counsel (Doc. No. 2) and a motion for summary judgment. (Doc. No. 10.) However, the district court found that Plaintiff was ineligible to proceed without prepayment of the filing fee because Plaintiff had already accumulated three "strikes" before

filing this lawsuit and because Plaintiff had failed to demonstrate that he was under imminent danger of serious physical injury. *See* Doc. No. 12, pp. 2, 3-4; Doc. No. 13; 28 U.S.C. § 1915(g).

Plaintiff next filed a notice of appeal of the district court's dismissal of his complaint. *See* Doc. No. 19. Plaintiff also moved the district court to alter or amend its judgment pursuant to Federal Rule of Civil Procedure 59(e). *See* Doc. No. 22. In response, the undersigned issued a memorandum and recommendation (Doc. No. 26, the "December 27, 2023 M&R") recommending that the district court deny Plaintiff's motion requesting that the district court alter or amend its judgment. The undersigned concluded that Plaintiff had offered no law or new evidence to demonstrate that he was under imminent danger of serious injury—the prerequisite to overcome his three "strikes" bar from filing another lawsuit *in forma pauperis*—or otherwise call into question the district court's judgment. *Id*. at 3.

Soon thereafter, Plaintiff filed multiple documents, including a memorandum of law in support of his claims (Doc. No. 28), a motion for preliminary injunction (Doc. No. 29), and a "motion for objection" (Doc. No. 32). Plaintiff also filed another application to proceed *in forma pauperis* along with his prisoner trust fund account statement (Doc. Nos. 30, 31). The undersigned construes the memorandum of law, motion for preliminary injunction, and motion for objection (Doc. Nos. 28, 29, 32) as objections to the December 27, 2023 M&R (Doc. No. 26). This memorandum and recommendation addresses only the instant application to proceed *in forma pauperis* on appeal (Doc. No. 30), but will refer to Plaintiff's other filings where necessary.

In the instant motion, Plaintiff includes a short form application "to proceed in district court without prepaying fees or costs," but he states within the filing that he seeks to submit an

2 / 8

application to acquire transcripts for an appeal to the Fifth Circuit Court of Appeals.  (Doc. No. 30, pp. 1-2, 4.)  Moreover, the Fifth Circuit has issued a notice to the district court stating that an application to proceed *in forma pauperis* on appeal is pending for Plaintiff.  *Malone v. Sup. of Grievance*, No. 23-40713, Docket Entry 6 (5th Cir. Jan. 23, 2024).  The undersigned therefore construes Plaintiff's application to proceed *in forma pauperis* as applying to his appeal of the district court's dismissal of his § 1983 lawsuit as barred by the "three strikes" rule.

   *B.  Standard of review.*

   The standards governing requests to proceed *in forma pauperis* on appeal are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24.  *Lockett v. Helfman Motor Sales, Inc.*, No. 4:21-CV-4082, 2022 WL 18911603, at *1 (S.D. Tex. Oct. 25, 2022) (Sheldon, M.J.).  The Court may authorize an appeal "without prepayment of fees or security therefor, by a person who submits an affidavit . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  The Court must therefore examine the financial condition of the applicant in order to determine whether the payment of fees would "cause [an] undue financial hardship."  *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).  One need not be absolutely destitute to qualify for *in forma pauperis* status, but that status is allowed only when a movant cannot pay filing costs and remain able to provide for himself and dependents.  *See Ryan v. Ramsey*, 936 F. Supp. 417, 425 (S.D. Tex. 1996) (citing *Adkins v. E.I. DuPont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)).

   The litigant must also demonstrate that the appeal is taken in good faith – that is, that a nonfrivolous issue exists for appeal.  *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986); *see Baugh v. Taylor*, 117 F.3d 197, 201-02 (5th Cir. 1997).  "An appeal is taken in good

faith if it raises legal points that are arguable on their merits thus nonfrivolous." *Lockett*, 2022 WL 18911603, at *1 (quoting *McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015)).

Section 1915(g) of Title 28, United States Code, provides that a plaintiff may not proceed *in forma pauperis* in any civil action or appeal if he or she has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger or serious physical injury." The Fifth Circuit has expressly stated that "[i]n order to implement this statutory scheme, we must determine if danger exists *at the time the plaintiff seeks to file his complaint or notice of appeal [in forma pauperis]*." *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (emphasis in original). Therefore, "the language of § 1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for [*in forma pauperis*] status is made." *Id*.

Thus, because Plaintiff has already accumulated three "strikes," he faces a double challenge to proceed *in forma pauperis* on appeal. Plaintiff must show not only that he has a nonfrivolous issue for appeal, but also (because of the three strikes bar) that he is in imminent danger of serious physical injury as of the time he moved to proceed *in forma pauperis* on appeal.

### C. Plaintiff's motion to proceed in forma pauperis *on appeal should be denied because he fails to articulate a non-frivolous issue for appeal.*

A review of Plaintiff's newly submitted prisoner trust fund account (Doc. No. 31) reveals that Plaintiff cannot pay the appellate filing fees without causing him undue financial hardship and thus that he has made the adequate financial showing to qualify for proceeding *in forma*

*pauperis*. Nonetheless, the district court should deny Plaintiff's motion to proceed *in forma pauperis* because his appeal would not be taken in good faith: Plaintiff fails to articulate a non-frivolous issue for appeal.

Plaintiff asserts on appeal that the district court erred in dismissing Plaintiff's § 1983 case. (Doc. No. 19.) The district court dismissed Plaintiff's lawsuit on the grounds that Plaintiff has had at least three prior actions and appeals dismissed as frivolous, malicious, or for failure to state a claim for relief, and that he failed to show he was under imminent danger of serious physical injury at the time he filed the § 1983 lawsuit. *See* Doc. No. 12. As stated in the December 27, 2023 M&R (Doc. No. 26), Plaintiff does not allege that § 1915(g) somehow does not apply to him, or that he has not actually accumulated at least three "strikes" as contemplated by § 1915(g). (Doc. No. 26, p. 3.)

The district court also concluded that Plaintiff had failed to demonstrate that he was in imminent danger of serious physical injury when he moved to proceed *in forma pauperis* in the § 1983 action. (Doc. No. 12, pp. 2-4.) Plaintiff fails to articulate why the district court's finding was erroneous. Indeed, his motion to alter or amend the district court's judgment (Doc. No. 22) "offers no new evidence to call that finding into any question." (Doc. No. 26, p. 3.)

Nonetheless, in Plaintiff's objection to the undersigned's December 27, 2023 M&R, Plaintiff contends that he has argued many times that his life is in "great dange[r]," but that he is "still being denied because of one word 'imminent,' and inmates are dying everyday because judges are overlooking or not acknowledg[ing] the word "dange[r]." (Doc. No. 32, p. 1.) Plaintiff explains his life is in "great dange[r] imminent of serious physical injury," because he was placed into a cage with another inmate or inmates, and adds—for the first time in his

pleadings—that "Plaintiff or Ass[istant] Warden does not know if that inmate or inmates have AIDS." *Id.* at 2. He alleges no other facts or details in support of his claim.

Plaintiff's claim is wholly speculative, because he does not allege that he was ever actually housed alongside any inmates who had HIV or AIDS. Conclusory or speculative allegations of imminent danger are not sufficient to satisfy § 1915(g). *See Blanton v. Sharp*, Civ. No. H-23-4767, 2023 WL 9007268, at *2 (S.D. Tex. Dec. 28, 2023) (Hittner, J.) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003)). And unsubstantiated fear is insufficient to warrant application of the imminent danger exception. *See Damond v. Martin*, Civ. No. 20-299-SDD-EWD, 2020 WL 5803456, at * 2 n.16 (M.D. La. Sept. 29, 2020). Even if Plaintiff had alleged that he was actually caged with one or more HIV-positive inmates at the time he filed his § 1983 action, that by itself does not constitute a nonfrivolous basis for appeal because federal courts have consistently held that mere confinement in the same cell as an HIV-positive inmate is not violative of the Eighth Amendment. *See Legate v. Livingston*, No. 2:14-CV-00269, 2015 WL 1158868, at *6 (S.D. Tex. Jan. 12, 2015) (Ramos, J.) (citing cases). Because Plaintiff fails to advance a non-frivolous argument for appeal, his appeal would not be taken in good faith.

> **D. Plaintiff's motion to proceed in forma pauperis *on appeal should be denied because he fails to demonstrate that he was in imminent danger of serious physical injury when he filed his motion to proceed* in forma pauperis *on appeal.***

Plaintiff's motion to proceed *in forma pauperis* on appeal should also be denied because he fails to demonstrate that, as of the time he moved to proceed in *forma pauperis* on appeal, that he is in imminent danger of serious physical injury. Such a showing is required by 28 U.S.C. § 1915(g), *see Baños*, 144 F.3d at 885, but Plaintiff has not made that showing.

Plaintiff fails to put forward any evidence that he is in any imminent danger of any physical injury, let alone imminent danger of serious physical injury required to overcome the "three strikes" bar, as of the time he moved to proceed *in forma pauperis* on appeal. In his filings since the district court's dismissal of the § 1983 case, Plaintiff has mainly reiterated his original claims, all of which have already been addressed by both the district court in its dismissal order and in the December 27, 2023 M&R. As discussed above, Plaintiff's only new contention of imminent danger of serious physical injury is his allegation that neither he nor the Assistant Warden knew whether the inmate or inmates he was confined in the cage with had HIV or AIDS. *See* Doc. No. 32, p. 2.

Any such "threat" to Plaintiff's personal safety on these grounds is wholly speculative and falls significantly short of a "real and proximate" threat required to satisfy the imminent danger requirement of § 1915(g). *See Blanton*, 2023 WL 9007268, at *2; *Ciarpaglini*, 352 F.3d at 330. Moreover, Plaintiff fails to allege or establish that he faced imminent danger of serious physical injury at the time of filing his application to proceed *in forma pauperis* on appeal: he does not contend that he was at that time confined in a cage with inmates who may be HIV-positive or have AIDS. *Cf. Baños*, 144 F.3d at 884. Because Plaintiff fails to show that he is in imminent danger of serious physical injury, he cannot proceed *in forma pauperis* on appeal. The undersigned therefore recommends that Plaintiff's request to proceed *in forma pauperis* on appeal be denied.

### E.  *Conclusion and recommendation.*

The district court should deny Plaintiff's request to proceed *in forma pauperis* on appeal. Plaintiff's appeal would not be taken in good faith because he fails to identify any non-frivolous

issue.  Plaintiff also fails to demonstrate that he is in imminent danger of serious physical injury at the time he moved to proceed *in forma pauperis* on appeal.

### F.  Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on February 1, 2024.

_____
MITCHEL NEUROCK
United States Magistrate Judge