UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FREDERICK DEWAYNE MALONE, | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:23-CV-00307 |
| | § | |
| SUPERVISOR OF GRIEVANCE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER ADOPTING MEMORANDA AND RECOMMENDATIONS

Before the Court are Magistrate Judge Mitchel Neurock's Memoranda and Recommendations ("M&R"). (D.E. 26; D.E. 34). The M&Rs recommend that the Court:

(1) Deny Plaintiff's Rule 59(e) motion to alter or amend, (D.E. 22);

(2) Deny Plaintiff's application to proceed *in forma pauperis* on appeal, (D.E. 30).

(D.E. 26, p. 1; D.E. 34, p. 7–8). Plaintiff filed written objections to both M&Rs. (D.E. 32; D.E. 33; D.E. 35).[1] Also before the Court is Plaintiff's motion for preliminary injunction. (D.E. 29). For reasons below, the Court **ADOPTS** the M&Rs, (D.E. 26; D.E. 34), and **DENIES** Plaintiff's motion for preliminary injunction, (D.E. 29).

### I. Law

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual

---

[1] To the extent that Plaintiff's D.E. 32 filing is a motion to consider his objections timely filed, the Court **GRANTS** the motion. (D.E. 32). As such, the Court considers the objections timely filed and must consider them.

findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## II. Objections to the M&Rs

### A. Objections to the First M&R

Judge Neurock's first M&R, (D.E. 26), addresses Plaintiff's motion to alter or amend the Court's judgment in this case. Plaintiff subsequently filed a "memorandum of law" which the Court liberally construes as objections to the first M&R. *See* (D.E. 28). In his objections, Plaintiff appears to argue that his motion to alter or amend, (D.E. 22), should be liberally construed. *See* (D.E. 28, p. 1). Plaintiff is correct that the Court liberally construes pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Nonetheless, pro se litigants must "comply with the law and procedural rules." *Washington v. East Baton Rouge Parish Sch. Sys.*, 471 F. App'x 306, 306 (5th Cir. 2012) (per curiam). Here, the Court dismissed Plaintiff's complaint because he accumulated three "strikes" prior to filing this suit and did not show that he was under imminent danger of physical injury at the time that his complaint was filed. *See* (D.E. 12, p. 2). Thus, Plaintiff's complaint was dismissed—without prejudice—for his failure to comply with 28 U.S.C. § 1915, *see* (D.E. 12, p. 4), and not as the result of a failure to liberally construe his filings. *See* (D.E. 28, p. 1). As such, this objection is **OVERRULED.**

Next, Plaintiff appears to allege that the state denied him certain religious books, largely restating allegations in his original complaint. *Compare* (D.E. 28, p. 2–3) *with* (D.E. 1-1, p. 4–6). Plaintiff also alleges that the Warden put his life in imminent danger by putting him into an unclean cage without any clothing. (D.E. 28, p. 3). This allegation is also contained in Plaintiff's original complaint. (D.E. 1-1, p. 3). The Court previously dismissed these claims as vague and conclusory, (D.E. 12, p. 3), and for failing to suggest he was exposed to imminent danger of serious injury at

the time he submitted this action, *id.* Plaintiff's objections are likewise vague and conclusory and provide no additional information to displace this Court's previous analysis, or that of Judge Neurock. As such, this objection is **OVERRULED.**

Finally, Plaintiff argues that he notified the District Clerk but did not remember if he already had three strikes. *See* (D.E. 32, p. 1). Plaintiff then largely restates allegations contained in his original complaint and subsequent filings. *See id.* at 2–4.[2] Plaintiffs cites no authority, and indeed the Court found none, indicating that § 1915(g) does not apply to Plaintiff. *See* § 1915(g) (providing that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*); *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (per curiam). As such, this objection is **OVERRULED.**[3]

### B. Objection to the Second M&R

Judge Neurock's second M&R, (D.E. 34), addresses Plaintiff's motion to proceed *in forma pauperis* on appeal. Plaintiff filed an objection to the M&R arguing that he notified the District Clerk that he already had three strikes but requested leave to file a 1983 complaint form. (D.E. 35, p. 1). However, there is no indication in the record that Plaintiff sought authorization to file his complaint prior to doing so. Plaintiff also argues that his appeal is in good faith and appears to argue that the Court should order the TDCJ to return his property. *See id.* at 1–2. Plaintiff's assertions are insufficient. Conclusory allegations that fail to assert with any specificity a particular analytical defect in the M&R must be overruled. *See Perez v. Stephens*, 2016 WL 722466, at *1

---

[2] Plaintiff appears to allege, for the first time, that "Plaintiff or [Assistant Warden] does not know if [inmates] have AIDS." (D.E. 32, p. 2). But he fails to allege further facts or claims in support of this conclusory assertion.

[3] To the extent that Plaintiff's letter, (D.E. 33), is also an objection to the first M&R, it is **OVERRULED.**

3 / 5

(S.D. Tex. Feb. 14, 2016) (Ramos, J.); *see also* FED. R. CIV. P. 72(b)(2). As such, this objection is **OVERRULED.**

### III. Preliminary Injunction

Also before the Court is Plaintiff's motion for a preliminary injunction. (D.E. 29). As an initial matter, the Court notes that this case has been closed since December 6, 2023. *See* (D.E. 13) (final judgment dismissing Plaintiff's claims). As such, Plaintiff is not entitled to a preliminary injunction in this closed case. *See Clemons v. Mississippi*, No. 3:23-CV-325, 2024 WL 1198474, at *1 (N.D. Miss. Mar. 20, 2024) (Wingate, J.) ("The Court finds [p]laintiff's [motion for injunctive relief] is moot because this case is closed[.]").

But even if the Court were to consider Plaintiff's motion on the merits, it would deny it. Injunctive relief is an extraordinary remedy. *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). To receive a preliminary injunction, Plaintiff must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened harm in denying relief outweighs any harm in granting relief; and (4) that relief will not disserve the public interest. *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). Plaintiff claims that the property officer refused to look for his property, that the Warden "knew this" and that the Assistant Warden put his life in danger. (D.E. 29-1, p. 1). These claims, which are vague and conclusory, fail to warrant the extraordinary remedy of injunctive relief. *See Garner v. Martinez*, No. C-05-266, 2005 WL 1651013, at *4 (S.D. Tex. July 12, 2005) (Owsley, Mag. J.) (citing, among other authority, the Supreme Court's instruction that federal courts should not assume "a greater role in decisions affecting prison administration." *Shaw v. Murphy*, 523 U.S. 223, 230 (1990)). As such, the Court **DENIES** Plaintiff's request for injunctive relief.

## IV. Conclusion

Having reviewed the proposed findings and conclusions of the M&Rs, the record, the applicable law, and having made a de novo review of the portions of the M&Rs to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 32; D.E. 33; D.E. 35), and **ADOPTS** the findings and conclusions of the M&Rs, (D.E. 26; D.E. 34). Accordingly:

(1) Plaintiff's Rule 59 motion to alter or amend is **DENIED.** (D.E. 22).

(2) Plaintiff's motion to proceed *in forma pauperis* on appeal is **DENIED** as not taken in good faith for failure to identify a non-frivolous issue, and because Plaintiff has accumulated three strikes and fails to demonstrate that he was in imminent danger of serious physical injury at the time of filing. (D.E. 30).

(3) Plaintiff is **WARNED** that any additional filings in this closed case will be **STRICKEN** unless they comply with the applicable federal rules and substantive law.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
April 5th, 2024